IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0808

UNITED STATES FIDELITY
& GUARANTY COMPANY,

      Appellant,

v.

ESSEX INSURANCE
COMPANY and FEDERAL
INSURANCE COMPANY,

      Appellees.

_____/

Opinion filed March 21, 2016.

An appeal from the Circuit Court for Duval County.
James L. Harrison, Judge.

Mark D. Tinker of Banker, Lopez, Gassler, P.A., St. Petersburg, Scott W. McMickle and Elenore Klingler of McMickle, Kurey & Branch, LLP, Alpharetta, GA, for Appellant.

Meagan L. Logan of Marks Gray, P.A., Jacksonville, for Appellee Essex Insurance Company.

PER CURIAM.

      Appellant, United States Fidelity & Guaranty Company (USF&G), appeals

the trial court's grant of summary judgment, requiring USF&G to give $600,000 it

received from Federal Insurance (Federal) to Essex Insurance Company (Essex). Because the record does not provide an adequate basis for equitable subrogation, we reverse the order granting summary judgment.

This case arose out of an agreement between USF&G, Essex, and Federal to settle underlying litigation involving mutual insureds through a jointly-funded settlement. The agreement provided that the insurers could litigate among themselves if any of them wished to reallocate the settlement funds. USF&G and Essex were substituted as plaintiffs for the insured in an action against Federal, but USF&G and Essex maintained separate and independent claims against Federal. Before trial, USF&G settled its claim with Federal for $600,000. Essex and Federal proceeded to trial, where the trial court found in favor of Federal in the amount of $2 million, Federal's contribution to the settlement proceeds. Essex entered into a post-judgment settlement with Federal, but has kept the terms of the settlement confidential. Subsequently, Essex asserted a claim against USF&G to recover the $600,000 settlement money USF&G received from Federal.

USF&G and Essex filed cross motions for summary judgment. The trial court granted summary judgment in favor of Essex, finding that Essex, as the excess carrier, should receive the settlement funds.

In order to support recovery under a theory of equitable subrogation, Essex must establish: "(1) that it made the payment at issue to protect its own interests,

2

(2) the payment was non-voluntary, (3) it was not primarily liable for the debt paid, (4) it paid the entire debt, and (5) subrogation would not work any injustice to the rights of a third party." Nova Info. Sys., Inc. v. Greenwich Ins. Co., 365 F. 3d 996, 1005 (11th Cir. 2004) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999)). Essex cannot establish the fourth element as it did not pay the entire settlement in the underlying tort litigation.

In light of the independent nature of their respective claims against Federal, the trial court erred in determining Essex was entitled to the settlement money USF&G received from Federal. Accordingly, we reverse the trial court's order granting summary judgment.

WETHERELL and WINOKUR, JJ., CONCUR; MAKAR, J., CONCURS WITH OPINION.

MAKAR, J., concurring with opinion.

Three insurers collectively contributed $9 million to settle and pay claims arising from a motor vehicle accident, voluntarily entering an agreement stating that the insurers would be "subsequently litigating among themselves how the settlement amount should be paid and allocated among the policies under Florida law." The subsequent litigation that resulted was done independently amongst the insurers, each against the other, none cooperating or coordinating with the others. Weighing the risks and costs of litigation, USF&G entered a settlement with and received $600,000 from Federal. The dispute between Essex and Federal went to trial, resulting in a $2 million judgment against Essex in Federal's favor (later settled for an undisclosed amount).

In this appeal, the issue is what legal right does Essex now have to the $600,000 of settlement funds that USF&G received from Federal, funds that USF&G sought and successfully obtained at its own expense through its independent litigation efforts against Federal? None, it appears. Contractual subrogation doesn't apply because no contractual relationship exists between the parties (the trial court's reference to the Essex policy notwithstanding); and neither equitable subrogation nor equitable contribution was established on this record to support Essex's claimed entitlement to the settlement funds that USF&G procured for itself. In essence, the parties' three-page agreement says the three insurers may

4

litigate "how the settlement amount" is to be allocated, but it leaves ambiguous by what legal yardstick that is to be measured. The record does not indicate whether this is a common or uncommon way for insurers to resolve disputes of this magnitude, and no party has pointed us to any statute or case that specifies the standards or manner by which such disputes are required to be resolved. Absent a definitive guidepost, the parties would have us resolve their dispute by applying general principles of equity. As such, I agree that the trial court should not have awarded to Essex the funds that USF&G obtained through its own independent efforts from Federal, such that the judgment against USF&G should be vacated and judgment entered in its favor.